HENRY G. RENDLER
CA State Bar #83704
Attorney at Law
1550 The Alameda, Suite 308
San Jose, California 95126
Telephone:     (408) 293-5112
Facsimile:     (408) 293-4939
henry@rendlerlaw.com
Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>Robert Louis Brooks & Diane Carmen Brooks,<br><br>                Debtors. | Case No. 11-51864 MEH (13)<br><br>Date:   September 17, 2015<br>Time:   9:30 A.M.<br>Room:  Courtroom 3070<br>Judge:  Hon. M. Elaine Hammond |

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VALUE LIEN OF WELLS FARGO BANK, N.A. AS WHOLLY UNSECURED AND TO VOID ITS LIEN ON DEBTORS' REAL PROPERTY AT 2735 HAYLOFT WAY, MORGAN HILL, CA 95037**

      Chapter 13 Debtors Robert Louis Brooks and Diane Carmen Brooks "Debtors") submit the following Supplemental Memorandum of Points and Authorities in Support of their Motion to Value Lien of Wells Fargo Bank, N.A. As Wholly-Unsecured and to Void Its Lien on Debtors' Real Property at 2735 Hayloft Way, Morgan Hill, CA 95037 [Document 44] ("the Motion"). A prior memorandum of points and authorities in support of the Motion was filed hereon on July 20, 2015.

      This supplemental memo is filed per a 9-4-15 email to Debtors' counsel Henry G. Rendler from Steve Nunes, Law Clerk to the Honorable M. Elaine Hammond, stating in pertinent part: "....Counsel: Please set a hearing on this motion and file a supplemental memorandum of points and authorities at least 7 days prior to the hearing that provides a legal basis for obtaining an order avoiding a lien post-confirmation after the property has revested in the debtors...."

Background:

1. Debtors are retired senior citizens, residing in their family home at 2735 Hayloft Way, Morgan Hill, CA 95037. They filed their Chapter 13 petition herein on February 28, 2011. Their home was valued on Schedule A–Real Property, at $ 526,500, with a Wells Fargo Bank, N.A. 1st trust deed of $ 574,229.17 (Proof of Claim # 18 filed on 1-27-2012), and a Wells Fargo Bank, N.A. 2d trust deed of $ 160,756.76 (Proof of Claim # 7 filed on 4-8-2011). The latter proof of claim put the value of the home at even less, $ 440,000.00.

2. Debtors' Chapter 13 Plan filed on February 28, 2011 [Document 8] provided the following treatment for the 2d trust deed: "...Debtors shall file a motion to avoid the second trust deed of Wells Fargo Home Mortgage, its successors and assigns, on the basis that said trust deed is wholly unsecured. The claim of said creditor shall be treated as a wholly-unsecured, non-priority claim, to be paid pursuant to the provisions of Paragraph 2(d), above."

3. On June 28, 2011, the Chapter 13 Plan was confirmed by the Court, by entry of its Order Confirming Plan [Document 28]. The Plan provided for property to revest in the Debtors on confirmation. Since then, Debtors have fully performed under the Plan, with the Wells Fargo Bank, N.A. 2d trust deed receiving treatment as a wholly-unsecured claim.

4. On July 20, 2015, Debtors filed the within Motion, requesting an order valuing the subject lien at zero, as provided for in the confirmed plan.

Applicable Law:

5. 11 U.S.C. Section 506(a)(1) provides:

"An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under Section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff, is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest."

6. 11 U.S.C. Section 506(d) provides that to the extent a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void.

7. 11 U.S.C. Section 1322(b)(2) provides, with certain exceptions not applicable here, that a Chapter 13 plan may: "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims."

8. A Chapter 13 debtor may strip off a junior mortgagee's wholly-unsecured lien. In order to obtain the protections of 1322(b)(2), a mortgagee must have some security interest in the property. (See, e.g., In re Zimmer, 313 F. 3d 1220, (9th Cir. 2003).

9. Rule 3012 of the Federal Rules of Bankruptcy Procedure (FRBP") provides: "[t]he court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct."

10. On September 9, 2010, the U.S. Bankruptcy Court for the Northern District of California promulgated its "Guidelines for Valuing and Avoiding Liens in Individual Chapter 11 and Chapter 13 Cases". Paragraph 1 thereof provides that "....[a]lthough an adversary proceeding may be utilized under FRBP 7001(2)", the Court will also permit the debtor to proceed by motion. Paragraph 3 thereof provides: "....3. Time for Filing Motion. Because a motion to strip lien is in aid of confirmation of the plan, and works through the plan, the motion must be resolved before the plan is confirmed."

11. There is no time limit set forth in the Guidelines for the filing of an adversary proceeding under FRBP 7001(2), which provides in pertinent part: "[a]n adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:....(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d)". Rule 4003(d) in turn states that a proceeding by a debtor to avoid a lien or transfer of exempt property under Section 522(f) shall be by motion. 7001(2) is not limited, therefore, to liens on property in which the estate has an interest, but rather covers all property.

Case: 11-51864    Doc# 48    Filed: 09/10/15    Entered: 09/10/15 17:18:28    Page 3 of 6

12. 11 U.S.C. Section 1327(a) provides: "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."

13. The order confirming a Chapter 13 plan is thus res judicata as to all issues that were or could have been decided at the confirmation hearing, whether the plan satisfied the requirements of 11 U.S.C. Sections 1322 and 1325. After confirmation, creditors are barred from asserting any interest other than what is set forth in the plan. (In re Evans (9th Cir. BAP 1983), 30 BR 530, 531; In re Goldberg (BC ED CA 1993) 158 BR 188, 193.)

14. Unless the order confirming plan is timely appealed, revoked, or otherwise set aside, creditors and debtor are precluded from challenging the plan post-confirmation, and prohibited from raising such issues as the court's jurisdiction (In re Ivory, (9th Cir. 1995), 70 F. 3d 73, 75); Section 109(e) eligibility (In re Hull, (9th Cir. BAP 2000), 251 BR 726, 730-731); the "good faith" requirement of 11 U.S.C. Section 1325)(a)(3) (Matter of Gregory, (9th Cir. 1983), 705 F. 2d 1118, 1121); and the dischargeability of interest on student loan debt (United Student Aid Funds, Inc., v. Espinosa (2010), 559 U.S. 260, 272-275).

15. The res judicata effect applies even in cases where the plan contained a provision in conflict with the Bankruptcy Code. (United Student Aid Funds, Inc. v. Espinosa, supra, 559 U.S. 260, at pages 276-277; In re Summerville (9th Cir. BAP 2007), 361 BR 133,141; In Re Enewally (9th Cir. 2004), 368 F. 3d 1165, 1172; In Re Pardee (9th Cir. 1999), 193 F. 3d 1083, 1084-1086).

16. A confirmed Chapter 13 plan is akin to a new binding contract between the debtor and creditors (see, e.g., In re Richardson, (BC SD CA 1996), 192 BR 224, 228; In re Torres (BC ND CA 1996), 193 BR 319, 324), although a plan can be modified only be court order under Section 1329, whereas a contract can be modified by agreement of the parties. For a detailed discussion of the res judicata and issue preclusion effects of Chapter 13 confirmation orders, see California Practice Guide, Bankruptcy, Kathleen P. March et al., The Rutter Group 2014, pp 172-178, Paragraphs 13:1085-13:1125.

Argument:

17. Debtors' Chapter 13 Plan fully conforms with the provisions of 11 U.S.C. Section

1322(b)(2), by modifying the Wells Fargo Bank, N.A. 2d trust deed, and treating it as wholly-unsecured. No objection to this treatment was filed. The 6-28-2011 order confirming plan has become final and non-appealable, has res judicata effect for purposes of this motion, and has become the law of the case.

18. Debtors submit that it is unclear precisely how the order confirming the plan was entered, without the motion having been first resolved per Paragraph 3 of the guidelines. However, the creditors all received due and proper notice of the plan, and did not object. The parties have all abided by the order confirming the plan, including the treatment of Wells Fargo Bank, N.A. as the holder of a wholly-unsecured claim, and any objections have been waived, and the parties estopped from asserting same.

19. As far as the re-vesting issue, it is submitted that the Court has the authority to enter the requested valuation order, since the order is in conjunction with the plan, and at the time of confirmation thereof, the collateral was property of the estate under Section 541. The Wells Fargo Bank, N.A. 2d trust deed was thus a "claim secured by a lien on property in which the estate has an interest" for purposes of Bankruptcy Code Section 506(a)(1) and FRBP 3012. Bankruptcy Code Section 506(a)(1) provides in pertinent part that the value is to be determined....in conjunction with any hearing on a plan affecting such creditor's interest." This language is also what also gives the Court the authority to enter the judgment avoiding the lien completely, after the completion of plan payments, in cases with similar order confirming plan language revesting the property in the debtors on plan confirmation.

20. Under the guidelines, it is expressly provided that the debtor may file an adversary proceeding under Rule 7001(2). That rule governs all property, not just property in which the estate has an interest. Unlike the motion alternative, the guidelines contain no time limit for the filing of such an adversary proceeding. However, it is submitted that judicial economy would be furthered by resolution of the matter by the within motion procedure, and that this result is compelled by the res judicata effect of the order confirming plan.

Conclusion:

21. Section 506(a)(1) itself furnishes the legal basis on which this Court can and should

enter its order on the subject motion to value collateral. This lien valuation motion is in conjunction with the plan, and at the time of the plan's confirmation, the estate had an interest in the subject collateral. It is unclear why the plan, with its provision valuing the subject lien at zero, was confirmed at the time it was, given the fact that the guidelines specify that the lien issues are to have been first resolved. However, the order confirming the plan has become res judicata and the law of the case, and the parties are all bound by said order. That order values the subject lien at zero. The default order valuing the collateral should be granted, along with such other and further relief as the Court deems just and proper.

Dated: September 10, 2015         /s/   Henry G. Rendler
                                  Henry G. Rendler, Esq.
                                  CA State Bar # 83704
                                  Attorney for Debtors