Henry G. Rendler, Esq.
CA State Bar # 83704
1550 The Alameda # 308
San Jose, CA 95126-2304
408 293 5112
henry@rendlerlaw.com
Attorney for Debtors Robert Louis Brooks
And Diane Carmen Brooks


UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:                                              Chapter 13
                                                     Case No. 11-51864 MEH

Robert Louis Brooks & Diane Carmen Brooks,
Husband and Wife,

Debtors_____/        MOTION TO MODIFY CHAPTER 13 PLAN


        The Debtors, Robert Louis Brooks and Diane Carmen Brooks, respectfully request that the Court modify the
Chapter 13 plan as follows:

___     1.      With respect to the monthly plan payments of $_____
                _____, those payments shall:
        ___     be suspended for the months of _____
        ___     be increased to  $_____, effective _____
        ___     be decreased to $_____, effective _____
        ___     [other]


___     2.      With regard to secured claims:
        ___     to treat the claim(s) of additional creditors as secured, as follows:
                Creditor Name              Value of Collateral        Monthly Pmt (if fixed)    Interest Rate (must be specified)


        ___     to change the treatment of certain secured claims, as follows:
                Creditor Name              Value of Collateral        Monthly Pmt (if fixed)    Interest Rate (must be specified)


        ___     to treat as unsecured, the claims of the following creditors which were previously treated as secured.


___     3.      With regard to general unsecured claims, to change the dividend paid:
        ___     from _____ % to _____ %
        ___     from a pot plan* of $_____ to a pot plan* of $_____
        ___     from a percentage plan at _____ % to a pot plan* of $_____
        ___     from a pot plan* of $_____ to a percentage plan at _____%
                * A pot plan provides for a sum (as specified above) to be distributed pro rata, in amounts determined
                after allowed administrative, secured and priority unsecured claims are paid.  The plan payments will
                continue at the highest monthly payment provided in the confirmed plan, as it may have been
                modified, as necessary to pay all allowed administrative, secured and priority unsecured claims within
                sixty (60) months of the original date of confirmation.

XXX  4.      Other modifications:

Paragraph 6 of the Plan currently provides that: "Debtors elect to have property of the estate: XX  revest in the debtors upon plan confirmation. Once property revests, the Debtors may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee."

This provision shall be modified to select the other option under Paragraph 6, namely: "Debtors elect to have property of the estate: XX revest in the Debtors at such time as a discharge is granted or the case is dismissed".

5.      Debtors' reason for requesting the above modification is: to proceed with the provisions of the plan calling for the Debtors to file a lien avoidance motion with respect to the second trust deed on their home. All other provisions of the Plan remain in full force and effect and are unchanged.

6.  The plan, if modified, would be completed within sixty (60) months from commencement of the case.

WHEREFORE, the Debtors request that the Court modify the Chapter 13 plan as set forth above and for such other and further relief as is just and proper under the circumstances.


Dated: September 23, 2015                              /s/ Henry G. Rendler
                                                       Henry G. Rendler, Esq.
                                                       CA State Bar # 83704
                                                       Attorney for Debtors
                                                       Robert Louis Brooks &
                                                       Diane Carmen Brooks


                                                       Rev. 2/05